(No. 81-CC-1441B—)

THORLIEF LARSEN & SON, INC., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed March 18, 1991.*

O'HALLORAN, KOSOFF & MILLER (KIRK L. MILLER, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (ERIN M. O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

The Claimant, Thorlief Larsen & Son, Inc. (hereinafter referred to as TLS) brought this action, No. 81-CC-

1441B, based on allegations of breaches of warranty and breaches of contract against the Respondent's Capital Development Board (hereinafter referred to as the CDB) seeking compensation totalling $224,060.00 for damages, together with post-judgment interest, costs, and reasonable attorney fees. The case at bar is the second portion of a claim which was bifurcated. The first portion of the claim, No. 81-CC-1441A was previously resolved by entry of judgment in favor of TLS in the amount of $80,872.26 on July 15, 1982. This judgment has been paid.

The case at bar was placed on general continuance in accordance with Ill. Rev. Stat., ch. 37, par. 24—5, and 74 Ill. Adm. Code 790.60 by order of Commissioner Cronin December 14, 1982, pending the disposition of another action arising out of the same circumstances as gave rise to this claim. The collateral action was pending in the circuit court of Cook County.

On February 18, 1988, TLS moved to have the case restored to active status and sought leave to file an amended complaint. These motions were granted and the amended complaint was filed. Discovery and several pretrial conferences ensued.

On December 14, 1990, a joint stipulation was filed by the parties with the intention of settling this claim. This joint stipulation is now before us for approval.

The stipulation reads in relevant part as follows:

"1. That this claim was brought for work performed by the claimant on the New Jefferson High School project, CDB project No. 762-201-001. That the Claimant was the masonry contractor for the project.

2. That during the course of this contract certain additions and deductions were made to Claimant's contract balance.

3. That the services for which this claim is made were performed to the specifications and satisfaction of the Capital Development Board.

4. That the project funds and contingency funds for New Jefferson High School Project, Capital Development Board Project No. 762-201-001 have been depleted. No additional money is available for payment of this claim.

5. The respondent agrees that had the State of Illinois, Capital Development Board Project No. 810-072-001 funds not been depleted the Capital Development Board would have paid claimant Thorlief Larsen & Son, Inc., $85,000.

WHEREFORE, respondent respectfully moves this Court to enter an order dismissing the claim herein with prejudice."

This Court is not bound by such stipulations but it does not seek to interpose controversy where none appears to exist. The Court does accept and approve the stipulation but is constrained to deny the claim for to do otherwise would be in effect adding money to the project account. Appropriation of funds is the prerogative of the General Assembly. However, as an advisory body to the General Assembly and in anticipation of possible further consideration of this matter by the General Assembly, the Court finds that both TLS and the CDB agree that the services for which this claim is made were performed to the specifications and satisfaction of the CDB and but for lack of funds the CDB would have paid, and TLS would have accepted, the sum of $85,000.00 in satisfaction and settlement of this claim.

It is hereby ordered that this claim be, and hereby is, denied solely because of insufficient funds remaining for the project.